| |
|---|
| **Rose v Phaidon Intl.** |
| 2025 NY Slip Op 32329(U) |
| July 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153777/2022 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYNN R. KOTLER**                   PART               08

*Justice*

-----------------------------------------------------------------X

THOMAS ROSE,

                     Plaintiff,

             - v -

PHAIDON INTERNATIONAL, KIERAN BEHAN, KEVIN
WONG

                   Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153777/2022 |
| MOTION DATE | 03/05/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for                           **SANCTIONS**           .

Upon the foregoing documents, this motion is decided as follows. In this action for wrongful termination, plaintiff Thomas Rose ("Rose") moves for an order imposing monetary sanctions for "egregious discovery breaches", to compel further discovery from defendants Phaidon International, Kieran Behan, and Kevin Wong ("Phaidon", "Behan", "Wong", or collectively "defendants") and for sanctions for spoliation of evidence. Defendants oppose the motion and argue that Rose failed to comply with 22 NYCRR § 202.7, and that the deleted irrelevant text messages do not form a basis for sanctions. The court's decision is as follows.

Facts

As a way of background, Rose alleges that in October 2018 he was terminated from Phaidon in retaliation for engaging in protected activity by reporting an inter-office relationship between Wong and Alexis Lushia ("Lushia"). Rose alleges that Wong spoliated evidence by knowingly deleting text messages between Wong and Lushia and between Wong and Behan that related to Rose's termination.

153777/2022  ROSE, THOMAS vs. PHAIDON INTERNATIONAL ET AL
Motion No.  003

Page 1 of 6

[* 1]

Wong was deposed on January 1, 2024.  Rose has provided the Court with excerpts of the deposition. Wong testified that he had been instructed by his prior counsel to preserve all text messages and communications related to Rose's termination and that he had text conversations with both Lushia and Behan on his personal phone.  Wong further testified that his phone was set to delete messages after either 30 days or one year and that while conversations were not deleted intentionally, he took no steps to preserve them.

Wong further testified that he had a non-romantic relationship with Lushia outside of work but could not recall if the two spent any time alone together.

Rose submitted an affidavit by Lushia dated July 23, 2024.  In her affidavit, Lushia averred that she had a romantic relationship with Wong in 2018 and while he was a supervisor and that she was fearful Wong "might try to control me and what I would say to keep himself from getting in trouble."  Lushia also stated that she was concerned that the former relationship might impact her in other ways at work and that she confided in Rose about the relationship and her concerns.

Rose claims that "approximately 20 days after the Lushia affidavit was shared, Wong left Phaidon" and that defendants failed to inform him of Wong's departure until December 19, 2024, approximately four months later.

On or about December 24, 2024, Rose served discovery demands on defendants related to Wong's departure.  Rose claims that he followed up with defendants on January 2, January 27, January 31, February 12, and February 24, 2025.  On March 3, 2025, defendants produced "a redacted severance agreement, and a sparse set of emails regarding Defendant Wong leaving the Company but provided no documents containing information as to the reason for Defendant Wong's departure/termination from the Company."

The instant motion was filed on March 5, 2025.

Discussion

At the outset, defendants argue that the motion must be dismissed for failure to comply with 22 NYCRR § 202.7, which requires a good faith affirmation be submitted with any discovery related motion detailing how the moving party attempted to resolve the issue. The movant is required to submit an affirmation which details the "time, place, and nature of the consultations" that counsel attempted to resolve the issues raised (*Cashbamba v 1056 Bedford LLC*, 172 AD3d 415, 416 [1st Dept 2019]). However, a failure to include an affirmation of good faith is not fatal where "any further attempt to resolve the dispute nonjudicially would have been futile" (*Northern Leasing Sys., Inc. v Estate of Turner*, 82 AD3d 490 [1st Dept 2011]. Additionally, movant may satisfy the requirements of 22 NYCRR § 202.7 when "affirmations submitted with the initial motion and on reply, when viewed together, provided sufficient detail to comply" (*Cuprill v Citywide Towing and Auto Repair Services*, 149 AD3d 442, 443 [1st Dept 2017]).

Here, the Court finds that Rose has complied with the good faith affirmation requirement. While Rose did not originally include a good faith affirmation, he did include one in his reply papers. Rose's motion papers also included details on the good faith attempts, averring that Rose attempted to resolve the dispute by following up with defendants four times after making the initial demand and receiving only a redacted severance agreement and unresponsive emails prior to filing this motion. When viewed together, Rose has satisfied the requirements of 22 NYCRR § 202.7.

Moreover, under the unique circumstances of this case where defendants neglected to inform Rose of Wong's departure from the company for four months and then took over two

153777/2022 ROSE, THOMAS vs. PHAIDON INTERNATIONAL ET AL
Motion No. 003

Page 3 of 6

3 of 6

months to respond to the discovery demands without producing any documents relating the to the departure, Rose's failure to include an affirmation of good faith is excusable because any effort to resolve the present dispute non-judicially would have been futile (*see Loeb v Assara N.Y. I L.P.*, 118 AD3d 457, 457-58 [1st Dept 2014]).

Pursuant to CPLR 3126, sanctions are available where a party refuses to comply with a discovery order or for willful failure to disclose. A party seeking sanctions for spoliation "must establish that the non-moving party had an obligation to preserve the item in question, that the item was destroyed with a culpable state of mind, and that the destroyed item was relevant to the party's claim or defense" (*Rossi v Doka USA, Ltd.*, 181 AD3d 523, 525 [1st Dept 2020] [internal quotation marks omitted]). "In deciding whether to impose sanctions, courts look to the extent that the spoliation of evidence may prejudice a party, and whether a particular sanction is necessary as a matter of elementary fairness" (*Duluc v AC & L Food Corp.*, 119 AD3d 450, 451-52 [1st Dept 2014]).

The court finds that plaintiff is entitled to spoliation sanctions. Here, Wong was aware of his obligation, through counsel, to preserve any text messages related to Rose's termination and that he took no steps to preserve them. While Wong testified that he did not intentionally delete the messages, spoliation sanctions are available for "both willful and negligent destruction of evidence" (*Gilliam v Uni Holdings, LLC*, 201 AD3d 83, 86 [1st Dept 2021]). Where the "destruction of evidence is merely negligent, [] relevance must be proven by the party seeking spoliation sanctions" (*VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [1st Dept 2012]). Therefore, even if Wong did not intentionally and knowingly allow the text messages to be deleted, spoliation sanctions are nonetheless warranted because his actions here

153777/2022  ROSE, THOMAS vs. PHAIDON INTERNATIONAL ET AL
Motion No. 003

Page 4 of 6

[* 4]

were at the very least negligent. Therefore, plaintiff is entitled to an adverse inference at the time of trial.

Moreover, defendants are to produce Behan for an additional deposition limited in scope to Wong's departure from Phaidon and any communications Behan had with Wong prior to terminating Rose.

Plaintiff's request for monetary sanctions for "egregious discovery breaches" is denied.

The Court, in its discretion, declines to award costs and fees associated with the filing of this motion.

**Conclusion**

Accordingly, it is hereby

**ORDERED** that plaintiff's motion is granted to the extent that defendants are to produce Kieran Behan for a further deposition as to the limited subjects of Kevin Wong's departure from Phaidon International and any communications Behan had with Wong prior to terminating Thomas Rose; and it is further

**ORDERED** that plaintiff is entitled to an adverse inference charge regarding Wong's deleted text messages; and it is further

**ORDERED** that plaintiff's time to file note is issue is hereby extended to September 12, 2025; and it is further

**ORDERED** the balance of the motion is denied.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

_____
6/18/2025
**DATE**

_____
LYNN R. KOTLER, J.S.C.

153777/2022 ROSE, THOMAS vs. PHAIDON INTERNATIONAL ET AL
Motion No. 003

Page 5 of 6

5 of 6